(No. 78-CV-0698-)

*In re* APPLICATION OF DEBRA L. CROSE.

*Opinion filed January 18, 1982.*

FRANKLIN S. WALLACE, for Claimant.

TYRONE C. FAHNER, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on April 1, 1978, in Rock Island County, Illinois. Debra Crose Briggs seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat., ch. 70, par. 71 *et seq.*

This Court had carefully considered her application for benefits submitted on a form prescribed by the Court and had also considered an investigatory report of the Attorney General of the State of Illinois which substantiates the matters set forth in the application. Based on those documents and other evidence submitted to the Court the Court found in an opinion dated July 3, 1980, that the Claimant was entitled to an award in the amount of $3,554.24.

Since that time the Court has become aware that the Claimant received $9,000.00 from the parents of her assailant. In accepting this award the Claimant signed a covenant not to sue reserving any rights she may have under the Crime Victims Compensation Act. Claimant has returned the warrant issued to her from the State of Illinois for $3,554.24 but has requested the Court that she

be allowed to retain this sum of money due to the permanent nature of her injuries.

The Respondent has filed a motion for summary judgment to the effect that Claimant is no longer a compensable victim under the Act because of her settlement from the parents of the assailant.

On the order of the Court a hearing was held on December 1, 1981, for the taking of evidence on the issue raised in the motion for summary judgment. At that hearing Claimant offered no new compensable damages. The Court finds:

1. Section 7(d) of the Crime Victims Compensation Act commands the Court to:

"Deduct $200.00 plus the amount of benefits, payments or awards, . . . payable under the Workmen's Compensation Act, from local governmental, State or Federal funds or *from any other source* . . . which the applicant . . . has received or to which he is entitled as a result of the injury to or the death of the victim . . ." (Emphasis added).

2. Since Claimant has received funds in excess of her expenses the amount of her compensable damages has been reduced pursuant to section 7(d) so that there are no remaining compensable damages.

It is hereby ordered, that the Respondent's motion for summary judgment be and is hereby granted and this cause is denied with prejudice.